NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PARKER LAW TEAM, PLLC, *Plaintiff/Appellee*,

*v.*

CEC 141202761, LLC, *Defendant/Appellant*.

No. 1 CA-CV 25-0176
FILED 11-20-2025

Appeal from the Superior Court in Maricopa County
No. CV2022-017020
The Honorable Scott A. Blaney, Judge

**AFFIRMED**

COUNSEL

Dessaules Law Group, Phoenix
By Jonathan A. Dessaules
*Counsel for Plaintiff/Appellee*

Ahwatukee Legal Office PC, Phoenix
By David L. Abney
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

¶1        Defendant CEC 141202761, LLC (CEC), appeals the denial of its motion for relief from judgment. Because CEC has shown no error, the denial is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        Plaintiff Parker Law Team, PLLC, sued CEC in December 2022 for breach of contract. Parker Law alleged CEC failed to pay more than $80,000 in attorneys' fees in two litigation matters. In early February 2023, when CEC failed to answer or otherwise respond, Parker Law applied for entry of default. Parker Law served CEC, a limited liability company, with the complaint and the application for entry of default through CEC's statutory agent. Later in February 2023, attorney Mark Goldman (on behalf of CEC) filed an answer. Parker Law then sent copies of its filing to Goldman, and the court endorsed Goldman on its rulings.

¶3        In April 2023, Parker Law notified the court that CEC had failed to participate in drafting a joint discovery report. Although the court set a scheduling conference for mid-July 2023, neither Goldman nor any CEC representative appeared at that hearing. The resulting minute entry noted CEC apparently failed to respond to discovery. The court ordered Goldman to file a notice by late July 2023, explaining why he failed to attend the hearing and showing any cause for why he should not be sanctioned. Goldman did not file such a notice.

¶4        On August 10, 2023, Parker Law moved to strike CEC's answer and sought entry of default judgment. Along with serving Goldman, starting with that filing, Parker Law also sent copies of its filings to CEC's statutory agent. Parker Law then moved for summary judgment. In late September 2023, Parker Law filed a notice of CEC's failure to respond to the motions to strike and for summary judgment, and requested summary adjudication.

¶5            In early October 2023, the superior court issued a minute entry granting Parker Law's motion to strike CEC's answer and request for entry of default judgment. The court found that Goldman and CEC failed to participate in the drafting and filing of the joint report; failed to participate in discovery; failed to appear at the July 2023 hearing and failed to communicate with Parker Law. The court also found that Goldman violated the order to show cause and that his and CEC's violations of procedural rules and court orders were willful.

¶6            The court noted that it had afforded CEC and Goldman "multiple opportunities to respond to the allegations against them or to request an additional hearing, but they failed to do so." Having found that "no lesser sanction than default would ensure the just resolution of this case," the court granted Parker Law's motion to strike CEC's answer. The court "enter[ed] default judgment against" CEC as a sanction. Given the entry of default judgment, the court denied Parker Law's motion for summary judgment as moot.

¶7            In mid-October 2023, Parker Law lodged a proposed final judgment. At that same time, Parker Law notified the court that Goldman had been suspended from practicing law for 30 days beginning September 18, 2023. On October 19, 2023, the court issued a minute entry noting the suspension and stating that Goldman had not notified the court of the suspension. The minute entry recounted the procedural history of the case, concluding that setting another hearing would be futile. A few days later, the court issued an order endorsing CEC via its statutory agent and providing a link to the October 19, 2023 minute entry. After waiting more than two months, during which neither Goldman nor CEC made any filings, on December 22, 2023, the court entered final judgment, again endorsing CEC through its statutory agent.

¶8            Six months went by. Then, in late June 2024, CEC—through new counsel—moved for relief from judgment citing Rules 60(b)(1) and (b)(6). That motion was accompanied by a declaration, a revised declaration and a supplemental declaration by Scott Ayers, CEC's sole member and manager. Ayers originally denied knowledge of any issue regarding the court proceedings. However, in his November 2024 supplemental declaration, provided after oral argument on the Rule 60(b) motion, Ayers admitted that, beginning in October 2023, he and CEC "did, in fact, receive court filings in this matter after the [c]ourt ordered counsel for Parker Law Team, PLLC to send them directly to [CEC's] . . . statutory agent." Ayers added that he forwarded those documents to Goldman and that Goldman "continued to actively mislead me and CEC by providing assurances that

he was addressing all matters in the litigation and had everything under control in the litigation." The court denied CEC's motion for relief from judgment, finding no good cause had been shown for the requested relief and that CEC failed to establish a meritorious defense.

**¶9**　　　This court has jurisdiction over CEC's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1) and -2101(A)(1) (2025).[1]

## DISCUSSION

I.　　**CEC Has Not Shown that the Superior Court Abused its Discretion in Denying the Motion for Relief from Judgment.**

**¶10**　　　CEC argues the superior court erred in denying its request for relief from the entry of judgment based on Rule 60(b)(6).[2] The denial of a Rule 60(b) motion is reviewed for an abuse of discretion, *see Gonzalez v. Nguyen*, 243 Ariz. 531, 533 ¶ 8 (2018), and will be affirmed unless undisputed facts and circumstances require a different ruling, *see City of Phoenix v. Geyler*, 144 Ariz. 323, 330 (1985). This court defers to the superior court's factual findings if they are reasonably supported. *See Roberts v. City of Phoenix*, 225 Ariz. 112, 119 ¶ 24 (App. 2010).

**¶11**　　　Rule 60(b) provides six subparts for relief from judgment. Summarized broadly, the first five subparts permit relief from mistake; newly discovered evidence; fraud; voidness; or satisfaction of the judgment. *See* Ariz. R. Civ. P. 60(b)(1)-(5). Rule 60(b)(6), the sixth subpart that is applicable here, is the catch-all provision, allowing for relief from a judgment for "any other reason justifying relief." Ariz. R. Civ. P. 60(b)(6).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] In 2016, the Arizona Supreme Court reorganized into Rule 60(b) what had been Rule 60(c). *Gonzalez v. Nguyen*, 243 Ariz. 531, 532 ¶ 1 n.1 (2018). For ease of reference, this decision uses Rule 60(b) throughout. CEC does not argue Rule 60(b)(1) on appeal. Although Parker Law argues CEC waived any Rule 60(b)(6) argument in superior court, CEC's motion cited Rule 60(b)(6). Moreover, waiver is discretionary. *See Noriega v. Town of Miami*, 243 Ariz. 320, 326 ¶ 27 (App. 2017). Accordingly, this court addresses the merits of CEC's Rule 60(b)(6) arguments.

**¶12**      CEC argues that Goldman's inability to represent it during his suspension, his effective abandonment of CEC, and his affirmative misrepresentations to CEC warrant relief under Rule 60(b)(6). But abandonment of a client, without more, does not mandate relief under Rule 60(b)(6). *See Panzino v. City of Phoenix*, 196 Ariz. 442, 448 ¶ 21 (2000) ("We simply cannot adopt a rule that encourages lawyers, once their misconduct or inattention has made successful representation of a client unlikely, to abandon the client so that the client can later seek relief under" Rule 60(b)(6).). While acknowledging Goldman's abandonment of CEC, and that Goldman may have been untruthful with CEC, the superior court based its denial of the motion for relief on CEC's own culpability.[3]

**¶13**      The superior court found that CEC's "claims of ignorance regarding case status are simply false," noting both Parker Law (starting in August 2023) and the court (starting in October 2023) "began sending filings and court orders directly to [CEC's] statutory agent, the same statutory agent that [Parker Law] initially served with its Complaint." "And even if [CEC] had not been made aware of its former counsel's failure to respond to filings and to orders to show cause," the court found "it is entirely unreasonable that [CEC] would have failed to inquire with the Court about the status of its case after its counsel allegedly stopped communicating."

**¶14**      The record supports the superior court's findings. CEC received the complaint served through its statutory agent; otherwise it would not have known to hire Goldman and file an answer. Beginning in August 2023, with its motion to strike CEC's answer and enter default judgment, Parker Law began sending copies of its filings to CEC via its statutory agent. The court then issued a minute entry with a link to the October 2023 minute entry – recounting Goldman's suspension, the inaction of both Goldman and CEC, sanctions imposed against CEC, and that the entry of a proposed judgment was looming – to CEC via its

---

[3] Accordingly, this court need not address CEC's other arguments on appeal, including the merits of CEC's defense, the impact of sending courtesy copies sent to CEC's statutory agent, the length of Goldman's suspension, or the alleged misrepresentations by Goldman to CEC. Similarly, no "culprit hearing" was requested, and the court's denial of the Rule 60(b)(6) motion based on the record of CEC's own culpability meant no such hearing was required. *See Est. of Brady v. Tempe Life Care Vill., Inc.*, 254 Ariz. 122, 127 ¶ 20 n.3 (App. 2022).

statutory agent. Then, after waiting two months, when CEC took no action, the court entered judgment in late December 2023.

**¶15** Ayers admitted that both he and CEC received documents sent to the statutory agent *after* the superior court endorsed CEC's statutory agent in October 2023. But on the record presented, the superior court properly could conclude that CEC received the motion to strike CEC's answer and enter default judgment, which Parker Law served on CEC's statutory agent in August 2023. Yet, again, CEC took no action in response.

**¶16** More directly, Ayers admitted that both he and CEC received in October 2023 a link to the court's October 2023 minute entry recounting: (1) the suspension of Goldman's law license; (2) that CEC and Goldman failed to comply with court orders and participate in the proceedings; (3) the ruling striking CEC's answer and imposing sanctions; and (4) the lodging of the proposed judgment against CEC. There can be no doubt that the October 2023 minute entry was a red flag. Yet CEC took no action in response, allowing judgment to be entered two months later in December 2023. CEC then waited six more months until filing the Rule 60(b)(6) motion in June 2024. The record on appeal provides a reasonable basis for the superior court's denial of CEC's Rule 60(b)(6) motion for relief from judgment. *See Sears Roebuck & Co. v. Walker*, 127 Ariz. 432, 437 (App. 1980).

## CONCLUSION

**¶17** The denial of CEC's motion for relief from judgment is affirmed. Parker Law is granted its reasonable attorneys' fees, under A.R.S. § 12-341.01, and taxable costs incurred on appeal, contingent upon its compliance with ARCAP 21.

